IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| CLIFFORD FRANK WILKINSON, | ) Case No. 3:18-CR-00009 (TBR) |
| | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court by Clifford Wilkinson's motion for early termination of probation, (Mot. for Termination), Dkt. 141. The Government has responded, (Resp.), Dkt. 142.

For the reasons that follow, Wilkinson's Mot. for Termination, Dkt. 141, is **DENIED**.

**I.     FACTUAL BACKGROUND**

In November of 2020, Clifford Wilkinson pleaded guilty to bribery concerning a program receiving federal funds, a Class C Felony. *See* Judgment, Dkt. 135. By the terms of the Judgment, Wilkinson was sentenced to two years of probation and ordered to pay restitution in the amount of $48,158.00. *See id.* Wilkinson has completed approximately half of his probation term and has been making restitution payments, though the Court has not been informed of the total amount of Wilkinson's restitution payments to date. *See* Mot. for Termination; *see also* Resp. Wilkinson now asks the Court to terminate his probation. *See* Mot. for Termination. The Government opposes Wilkinson's motion, arguing that before termination of his probation Wilkinson should either "contact[] the Financial Litigation Unit in the U.S. Attorney's Office

and enter[] into a payment plan for the remainder of his restitution" or "satisf[y] his restitution obligation in full." Resp. at 2.

## II.  DISCUSSION

Early termination of probation is governed by 18 U.S.C. § 3564(c), which requires the court to consider factors set forth in § 3553(a), to the extent they are applicable. Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

After carefully considering the statutory requirements, the Court determines that the factors discussed above do not support Wilkinson's request for early termination of probation at this time. In particular, there is still a need for Wilkinson to provide restitution and Wilkinson has not set out a payment plan with the Financial Litigation Unit in the U.S. Attorney's Office. *See* Mot. for Termination; *see also* 18 U.S.C. § 3553(a)(7). Wilkinson's restitution burden was significant when he was sentenced and, based on the record before the Court, Wilkinson's restitution burden is still significant today. *See* Mot. for Termination; *see also* Resp.

Furthermore, Wilkinson has failed to provide any unforeseen circumstances that were not considered when the Court imposed probation. *See* Mot. for Termination. True, Wilkson has complied with the terms of his probation. But compliance is expected of an offender on probation; compliance, by itself, does not warrant early termination. The Court does not find that the sentence imposed on Wilkinson presents an unwarranted sentence disparity when compared against defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). Accordingly, the Court finds the sentence imposed to be commensurate with the charge.

The Court encourages Wilkinson to continue to comply with the terms of his probation, but feels it is premature to reduce his term at this time. Wilkinson may work out a payment plan with the U.S. Attorney's Office and can continue to make restitution payments. Such conduct might give rise to a basis for early termination. Wilkinson can refile another motion for early termination at a future date.

### III.   CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Wilkinson's Motion for Termination, Dkt. 141, is **DENIED**.

**IT IS SO ORDERED**

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

May 23, 2022

cc: Counsel